UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CIRCLE BLOCK PARTNERS, LLC and, | ) | |
| CIRCLE BLOCK HOTEL, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:20-cv-2512-_____ |
| vs. | ) | |
| | ) | |
| FIREMAN'S FUND INSURANCE, | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NOTICE OF REMOVAL

Defendant Fireman's Fund Insurance Company ("Fireman's Fund"), pursuant to 28 U.S.C. § 1441 and § 1446, hereby files its Notice of Removal of civil action to the United States District Court for the Southern District of Indiana, Indianapolis Division, from the Superior Court of Marion County, Indiana, and respectfully states:

1.      Fireman's Fund is the only named Defendant in an action now pending in the Superior Court of Marion County, Indiana, Cause No. 49D12-2009-PL-030666, styled *Circle Block Partners, LLC and Circle Block Hotel, LLC v. Fireman's Fund Insurance Company* (the "State Court Action"). The State Court Action was initiated by the Plaintiffs filing a Complaint seeking declaratory judgment and damages for an alleged breach of contract on September 4, 2020, with service thereafter initiated by certified mail. Fireman's Fund first received a copy of the Complaint and Summons on September 9, 2020. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b)(2).

2.      Appendix A includes a copy of all process, pleadings and orders served on Fireman's Fund in the State Court Action.

1

**DIVERSITY OF CITIZENSHIP**

3.      Plaintiff Circle Block Hotel, LLC is a Delaware limited liability company with its principal place of business in Indiana. Its sole member is Plaintiff Circle Block Partners, LLC, an Indiana limited liability company with its principal place of business in Indiana. The sole member of Circle Block Partners, LLC is Circle Block Investor, LLC, an Indiana limited liability company with its principal place of business in Indiana. The members of Circle Block Investor, LLC are four natural persons, Alan Kite, Paul Kite, John Kite, and Thomas McGowan, who reside in Indiana. Thus, for purposes of diversity, Plaintiffs are considered citizens of Delaware and Indiana.

4.      Fireman's Fund is a California corporation with its principal place of business in Illinois. Thus, for purposes of diversity, Fireman's Fund is a citizen of California and Illinois.

5.      The controversy in this action is therefore entirely between citizens of different states of the United States.

**AMOUNT IN CONTROVERSY**

6.      Plaintiffs allege that they own and operate the Conrad Hotel in downtown Indianapolis. They allege that they purchased a property insurance policy from Fireman's Fund that provides up to $104 million in coverage for property loss or damage and $12.25 million in coverage for "business interruption losses and extra expenses related to a slowdown or cessation of operations at the Conrad" as well as other coverages with limits in excess of $1 million. *See* Original Complaint, Dkt 1-1 ¶ 1, 3, 42.

7.      Plaintiffs allege that they have suffered significant harm as a result of COVID-19, which they allege is covered by the insurance policy purchased from Fireman's Fund. *Id.* ¶¶ 3-4.

8.      Plaintiffs further allege that they presented a demand for indemnity to Fireman's Fund, which was denied. *Id.* ¶ 90.

9.      Based on these facts, Plaintiffs bring two counts. First, they seek a declaration that Fireman's Fund is obligated to pay for Circle Block's alleged losses up to the limits of the policy, which exceed $100 million. *Id.* ¶¶ 93-98. And, second, Plaintiff seek damages for what they allege is a breach of the policy by Fireman's Fund. *Id.* ¶¶ 99-106.

10.      The law governing coverage stemming from commercial property insurance policies is well settled in Indiana. *Morris v. Econ. Fire & Cas. Co.,* 848 N.E.2d 663, 665–66 (Ind. 2006) ("Generally, the interpretation of an insurance policy presents a question of law . . . subject to the same rules of interpretation as are other contracts."); *Hartford Cas. Ins. Co. v. Evansville Vanderburgh Pub. Library*, 860 N.E.2d 636, 646 (Ind. Ct. App. 2007) ("In simplistic terms, the process is such: if the insuring clause does not extend coverage, one need look no further." (citation omitted)); *Ports of Indiana v. Lexington Ins. Co.*, 1:09-CV-0854-TWP-MJD, 2011 WL 5523419, at *9 (S.D. Ind. Nov. 14, 2011) (insured bears initial burden to show a covered loss; proof of "direct physical loss or damage" to the covered property is needed under standard all-risk policy "in order to trigger coverage").

11.      Although Fireman's Fund denies any liability to Plaintiffs, it is apparent based on the claims asserted in this case (as more fully described in Plaintiffs' Complaint at Dkt. 1-1), the multi-million dollar limits of the insurance policy at issue, and the relief sought by Plaintiffs that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. *See, e.g.*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (defendant's notice of removal must state only a "plausible allegation" that the amount in controversy exceeds jurisdictional limits).

## CONCLUSION

12.      This is a civil action between citizens of different states, with complete diversity, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, of which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, this entire action may be removed pursuant to 28 U.S.C. § 1441.

13.     Upon receiving a file-marked copy of this Notice of Removal, Fireman's Fund will serve a file-marked copy of this Notice of Removal upon counsel for Plaintiffs and file a copy of this Notice of Removal with the Clerk of the Superior Court of Marion County, Indiana.

**ACCORDINGLY**, Defendant Fireman's Fund Insurance Company respectfully requests that the State Court Action pending in Superior Court of Marion County, Indiana be removed therefrom in its entirety to this Court, as provided by law, and pursuant to 28 U.S.C. § 1446(d), that the Superior Court of Marion County, Indiana proceed no further unless and until this case is remanded.

Dated: September 29, 2020

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

*s/ John B. Drummy*
John B. Drummy
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521
jdrummy@k-glaw.com

Attorneys for Defendant Fireman's Fund
Insurance Company

OF COUNSEL:

**DLA PIPER LLP (US)**

Brett Ingerman
*pro hac vice application forthcoming*
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-4177
brett.ingerman@us.dlapiper.com

and

4

Brett Solberg
*pro hac vice application forthcoming*
1000 Louisiana Suite 2800
Houston, Texas 77002
(713) 425-8482
brett.solberg@us.dlapiper.com

## **CERTIFICATE OF SERVICE**

   I certify that a copy of the forgoing was served by First Class Mail and email on counsel of record this September 29, 2020, to:

   Robert D. MacGill
   Matthew T. Ciulla
   MacGill PC
   55 Monument Circle, Suite 1200C
   Indianapolis, IN 46204
   robert.macgill@macgilllaw.com
   matthew.ciulla@macgillaw.com


            *s/ John B. Drummy*
            John B. Drummy